# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Olufolahan O. Olugbemi and Olabisi M. Olugbemi, | : | C.A. 13-cv-00459-M-LDA |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| H & R Block Bank, FSB, | : | |
| | : | |
| Defendant. | : | OCTOBER 13, 2014 |

## MEMORANDUM OF LAW OF DEFENDANT H&R BLOCK BANK, FSB IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103
(860) 275-0100
*Attorneys for Defendant H&R Block Bank FSB*

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................1

II.   PROCEDURAL POSTURE .................................................................................3

III.  STANDARD OF LAW .........................................................................................4

IV.  SUMMARY OF ARGUMENT ............................................................................6

V.   ARGUMENT .......................................................................................................8

   A.  Plaintiffs' Challenges To The Assignment of Mortgage Fail Because Plaintiffs Lack Standing To Challenge Such Assignment ..............................................................8

   B.  Plaintiffs' Argument That The Assignment Of Mortgage Was Invalid Because Option One Lacked The Ability To Assign The Mortgage Fails Because The Note And Mortgage Provided Option One A Right Of Assignment, And Because Rhode Island Law Does Not Require That A Mortgage Accompany The Note It Secures. .........................................11

   C.  Plaintiffs Have Failed To Allege Sufficient Facts To Establish That The Assignment of Mortgage Is Invalid And That The Note Was Not Transferred To Defendant.................13

      1.  Plaintiffs' Speculation As To The Authority Of The Signatory To The Assignment of Mortgage Is Insufficient To Withstand A Motion For Judgment On The Pleadings. ....13

      2.  Plaintiffs' Allegation That The Note Is Current Or Has Been Satisfied Is Baseless And Unsupported. ..................................................................................................14

      3.  Plaintiffs' Vague Allegations Of Fraud Are Not Pleaded With Sufficient Particularity. ....................................................................................................................15

   D.  Plaintiffs' First Cause Of Action For Declaratory Relief Fails Because Declaratory Relief Is A Remedy, Not A Cause Of Action. ..................................................................17

   E.  Plaintiffs' Second Cause Of Action To Quiet Title Fails Because It Is Based Upon A False Allegation, And Because Defendant Owns The Note And Mortgage....................18

VI.  CONCLUSION .................................................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alternative Energy v. St. Paul Fire & Marine,*
  267 F.3d 30 (1st Cir. 2001).....................................................................................2

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...............................................................................................4

*Associated Builders, Inc. v. Ala. Power Co.,*
  505 F.2d 97 (5th Cir. 1974) ....................................................................................2

*Bank of N.Y. Mellon v. Cuevas,*
  No. PD 2010-0988, 2012 R.I. Super. LEXIS 61 (Apr. 18, 2012)............................9

*Berberian v. Travisono,*
  332 A.2d 121 (R.I. 1975).......................................................................................17

*Brough v. Foley,*
  525 A.2d 919 (R.I. 1987).......................................................................................10

*Bucci v. Lehman Bros Bank, FSB,*
  68 A.3d 1069 (R.I. 2013).......................................................................................12

*Buck v. Am. Airlines, Inc.,*
  476 F.3d 29 (1st Cir. 2007)....................................................................................17

*Butler v. Encyclopedia Britannica, Inc.,*
  41 F.3d 285 (7th Cir.1994) ....................................................................................13

*Casimiro v. Mortg. Elec. Registration Sys.,*
  No. PC 2011-1833, 2012 R.I. Super. LEXIS 181 (Dec. 4, 2012)..........................12

*Clark v. Mortgage Electronic Registration Systems, Inc.,*
  No. 12-802, 2014 U.S. Dist. LEXIS 42561 (D.R.I. Mar. 27, 2014) ....... 1, 8, 10, 12, 13, 14, 15

*Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,*
  228 F.3d 24 (1st Cir. 2000)......................................................................................6

*Cosajay v. Mortg. Elec. Registration Sys., Inc.,*
  980 F. Supp. 2d 238 (D.R.I. 2013)...........................................................................8

*Culhane v. Aurora Loan Servs. of Neb.,*
  708 F.3d 282 (1st Cir. 2013).....................................................................................8

*Curran v. Cousins,*
    509 F.3d 36 (1st Cir. 2007)................................................................................6

*DePetrillo v. Belo Holdings, Inc.,*
    45 A.3d 485, 492 (R.I. 2012) .....................................................................9, 10

*Dilibero v. Mortg. Elec. Registration Sys., Inc,*
    No. PC 2011-4645, 2012 R.I. Super. LEXIS 153 (Oct. 1, 2012) .........................15

*Era v. Morton Community Bank,*
    No. 11-455, 2014 U.S. Dist. LEXIS 42611 (D.R.I. Mar. 28, 2014) ....... 1, 8, 10, 11, 12, 14, 15

*Estrella v. Mortgage Elec. Registration Sys.,*
    No. PC 2010-6940, 2012 R.I. Super. LEXIS 108 (Jul. 10, 2012) .........................18

*Fryzel v. Mortg. Elec. Registration Sys., Inc.,*
    719 F.3d 40 (1st Cir. 2013)..............................................................................1, 3

*Gun Owners' Action League, Inc. v. Swift,*
    284 F.3d 198 (1st Cir. 2002) ...........................................................................18

*Hanley v. Brayton,*
    17 A.2d 857 (R.I. 1941)..................................................................................15

*Ingram v. Mortgage Elec. Registration Sys.,*
    No. PC 2010-1940, 2012 R.I. Super. LEXIS 77 (May 17, 2012), *aff'd*, 94 A.3d 523 (R.I. 2014)........................................................................................18

*In re Joint E. & S. Dist. Asbestos Litig.,*
    14 F.3d 726 (2d Cir. 1993) ..............................................................................17

*Juarez v. Select Portfolio Servicing, Inc.,*
    708 F.3d 269 (1st Cir. 2013)............................................................................16

*Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.,*
    329 F.3d 216 (1st Cir. 2003)............................................................................10

*Kiah v. Aurora Loan Servs., LLC,*
    Civ. No. 10-40161, 2010 U.S. Dist. LEXIS 121252 (D. Mass. Mar. 4, 2011)......................10

*Kriegel v. Mortg. Elec. Registration Sys.,*
    No. PC 2010-7099, 2011 R.I. Super. LEXIS 134 (Oct. 13, 2011) .........................9

*Langadinos v. Bd. of Trs. of Univ. of Mass.,*
    No. 12-11159, 2013 U.S. Dist. LEXIS 140767 (D. Mass. Aug. 29, 2013)............................6

*Lemelson v. U.S. Bank Nat'l Ass'n,*
    721 F.3d 18 (1st Cir. 2013)...............................................................................5

*Linder v. Berge*,
    577 F.Supp. 279 (D.R.I. 1983), *aff'd*, 739 F.2d 686 (1sr Cir. 1984) ......................................4

*Meyer v. City of Newport*,
    844 A.2d 148 (R.I. 2004) .................................................................................................18

*In re Mortg. Foreclosure Cases*,
    No. 11-mc-00088, 2013 U.S. Dist. LEXIS 125474 (D.R.I. Sept. 3, 2013) ......................2, 14

*Mruk v. Mortg. Elec. Registration Sys., Inc.*,
    82 A.3d 527, 536 (R.I. 2013) ............................................................... 8, 10, 11, 12

*Noury v. Deutsch Bank Nat'l Trust Co.*,
    No. PC 2009-7014, 2012 R.I. Super. LEXIS 74 (May 7, 2012)............................................18

*Payette v. Mortg. Elec. Registration Sys.*,
    No. PC 2009-5875, 2011 R.I. Super. LEXIS 117 (Aug. 22, 2011) .........................................9

*Perez-Acevedo v. Rivero-Cubano*,
    520 F.3d 26 (1st Cir. 2008)................................................................................................4

*In re Perretta*,
    No. 10-13531, 2011 Bankr. LEXIS 4913 (Bankr. D.R.I. Dec. 16, 2011) ...............................9

*Peñalbert-Rosa v. Fortuño-Burset*,
    631 F.3d 592 (1st Cir. 2011)...........................................................................................5, 13

*Rapoport v. Asia Elecs. Holding Co.*,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000)....................................................................................2

*Reeves v. ReconTrust Co., N.A.*,
    846 F. Supp. 2d 1149 (D. Or. 2012).................................................................................10

*Rosano v. MERS*,
    No. PC 2010-0310, 2012 R.I. Super. LEXIS 95 (June 19, 2012), *aff'd*, 91 A.3d 336 (R.I.
    2014)...............................................................................................................................9, 18

*Rutter v. Mortg. Elec. Registration Sys.*,
    No. PC 2010-4756, 2012 R.I. Super. LEXIS 39 (Mar. 12, 2012), *aff'd* 86 A.3d 381 (2014)...9

*Seng v. Mortg. Elec. Registration Sys., Inc.*,
    No. PC 2011-2784, 2013 R.I. Super. LEXIS 59 (Apr. 3, 2013)............................................9

*Sullivan v. Chafee*,
    703 A.2d 748 (R.I. 1997)...................................................................................................17

*Van Hoecke v. First Franklin Fin. Corp.*,
    No. KC 2009-0743, 2013 R.I. Super. LEXIS 43 (Mar. 7, 2013)...............................9, 13, 14

*Vieira v. G.E. Money Bank,*
   No. PC 2009-4334, 2013 R.I. Super. LEXIS 75 (Apr. 18, 2013),
   *appeal dismissed*, No. 2014-42-A (R.I. Sept. 25, 2014) .................................................. 13, 14

*Wilson v. HSBC Mortg. Servs., Inc.,*
   744 F.3d 1 (1st Cir. 2014) ............................................................................................ 8

*Woods v. Wells Fargo Bank, N.A,*
   733 F.3d 349 (1st Cir. 2013) ....................................................................................... 16

**Statutes**

28 U.S.C. § 2201 ............................................................................................................... 17

R.I. Gen. Laws § 9-30-1 ................................................................................................... 17

R.I. Gen. Laws § 11-33-4 ................................................................................................. 14

R.I. Gen. Laws § 34-11-1 ................................................................................................. 14

**Rules**

Fed. R. Civ. P. 12 .......................................................................................................... 1, 2, 4

**Other Authorities**

Monique C.M. Leahy, *Acknowledgment of Real Property Instruments and Other
   Acknowledgments*, 91 Am. Jur. Proof of Facts 3d 345 § 8 (2014 .......................... 13

v

# I.   <u>INTRODUCTION</u>

In their Complaint for Declaratory Judgment and Injunctive Relief filed on June 19, 2013 (the "Complaint" or "Compl."), plaintiffs Olufolahan O. Olugbemi and Olabisi M. Olugbemi ("Plaintiffs") set forth claims that rest exclusively upon the notion that ownership of the mortgage loan they received on or about September 29, 2006 in the original principal amount of $315,000 (the "Loan") was not effectively transferred to defendant H & R Block Bank, FSB ("Defendant"), and that Defendant had no authority to pursue foreclosure against the mortgaged property.  The precise arguments in the Complaint, which are duplicated in hundreds of other complaints filed in this Court by Plaintiffs' counsel and a small handful of his colleagues, have already been found subject to dismissal by this Court, including in *Era v. Morton Community Bank,* No. 11-455, 2014 U.S. Dist. LEXIS 42611 (D.R.I. Mar. 28, 2014) and *Clark v. Mortgage Electronic Registration Systems, Inc.*, No. 12-802, 2014 U.S. Dist. LEXIS 42561 (D.R.I. Mar. 27, 2014).  Because the claims in the Complaint equally fail as a matter of law, this action should be dismissed pursuant to Fed. R. Civ. P. 12(c).

In August of 2011, this Court sought to resolve several challenges to foreclosures in Rhode Island by consolidating all such federal proceedings within a master foreclosure docket, overseen by a Special Master, with litigation and foreclosure activities stayed thereunder (the "Foreclosure Docket").  As the First Circuit Court of Appeals noted, after the Foreclosure Docket and its stay were created, the "trickle" of foreclosure-related cases quickly became a "deluge."  *Fryzel v. Mortg. Elec. Registration Sys., Inc.,* 719 F.3d 40, 42 (1st Cir. 2013).  Among the "deluge" of such actions commenced after the creation of the Foreclosure Docket is the present action.

In its order dated September 3, 2013 within the Foreclosure Docket (the "September 3 Order"), this Court agreed with the various lender, servicer, and other institutional defendants to the cases in the Foreclosure Docket that the plaintiff borrowers could not demonstrate a likelihood of success on the merits in the actions therein, and hence that there was no justification for a continued injunction against foreclosure.  *In re Mortg. Foreclosure Cases*, No. 11-mc-00088, 2013 U.S. Dist. LEXIS 125474 (D.R.I. Sept. 3, 2013).

Now that this action has been released from the Foreclosure Docket, Defendant requests that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(c).  The allegations in the Complaint and the documents referenced therein[1] show that the original mortgagee of record was Option One Mortgage Corporation ("Option One").  (Compl. ¶ 6; Ex. A.)  The documentary record further demonstrates that the subject mortgage (the "Mortgage") was assigned on or about March 30, 2011 from Sand Canyon Corporation ("Sand Canyon") f/k/a Option One Mortgage Corporation to Defendant (the "Assignment of Mortgage").  (Compl. ¶ 14, Ex. B.)  Given that Plaintiffs' claims rest upon arguments challenging the Assignment of Mortgage that this Court and other Rhode Island courts have consistently rejected as a matter of law, and because Plaintiffs fail to plead any facts to support these purported claims beyond complete speculation, the Complaint should be dismissed with prejudice.

---

[1] In their Complaint, Plaintiffs refer to the "mortgage" executed September 29, 2006 (the "Mortgage" as defined herein) (Compl. ¶¶ 6-7, 12, 30, 46, 48-51, 57-60, 63, 79-82) (attached as Exhibit A hereto), the assignment of such mortgage dated March 30, 2011 (the "Assignment of Mortgage" as defined herein) (Compl. ¶¶ 14-15, 21, 23-28, 87, 89) (attached as Exhibit B hereto), and the promissory note executed September 29, 2006 (the "Note") (Compl. ¶¶ 8-11, 22-23, 29, 39-40, 45, 68-74, 86)  (attached as Exhibit C hereto).  Despite Plaintiffs' failure to attach these documents to the Complaint, these documents may be considered on a motion for judgment on the pleadings.  *See, e.g., Alternative Energy v. St. Paul Fire & Marine*, 267 F.3d 30, 33 (1st Cir. 2001) (on a motion to dismiss, a court may consider "documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiffs' claim; or [] documents sufficiently referred to in the complaint").  The Court need not accept as true any of Plaintiffs' allegations that are contradicted by these documents.  *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

## II.   <u>PROCEDURAL HISTORY</u>

By Order dated August 16, 2011, this Court mandated that "all mortgage foreclosure cases (currently filed and to be filed in the future)" "venued in the United States District Court for the District of Rhode Island" are "hereby <u>STAYED</u> . . . until further order of the Court" and managed under a "Master Docket (11-mc-88-M-LDA) captioned *In re: Mortgage Foreclosure Cases*." Case Management Order, *In re Mortg. Foreclosure Cases*, No. 11-mc-00088 (D.R.I. Aug. 16, 2011), ECF No. 1.

By Order dated January 5, 2012, this Court appointed a Special Master to oversee an omnibus mandatory mediation process across the Foreclosure Docket and continued the stay "until such time as further order of this Court after a certification by the Special Master. . . ." Order Appointing Special Master, *In re Mortg. Foreclosure Cases*, No. 11-mc-00088 (D.R.I. Jan. 5, 2012), ECF No.156.

On June 19, 2013, Plaintiffs filed their Complaint in this action [ECF No. 1], which was made subject to the Foreclosure Docket pursuant to text order dated June 24, 2013.

On September 3, 2013, this Court issued the above-defined September 3 Order in response to a decision of the First Circuit in *Fryzel*, 719 F.3d 40, which had directed the Court to address the Foreclosure Docket stay under the standard for issuance of a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a). In the September 3 Order, this Court dissolved a blanket injunction on foreclosure and eviction under the Foreclosure Docket because it found that the borrowers bringing these actions could not demonstrate a likelihood of success on the merits.

On August 27, 2014, Defendant filed an Answer to the Complaint. [ECF No. 12.]

On September 29, 2014, the Special Master issued a recommendation that this action be released from the Foreclosure Docket due to the "impasse" reached in settlement negotiations among the parties. (Order Accepting Special Master's Request, ECF No. 13.) Also on

3

September 29, 2014, this Court so-ordered the Special Master's recommendation, removed this action from the Foreclosure Docket, and lifted the stay of litigation.

### III.     STANDARD OF LAW

In its Answer, Defendant asserts as its First Affirmative Defense that the Plaintiffs failed to state a claim upon which relief may be granted.  In accord with Fed. R. Civ. P. 12(h)(2)(B), having preserved the right to assert this affirmative defense, and based on the fact that this matter can be decided without looking beyond the pleadings, Defendant presents this Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

A Rule 12(c) motion "for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (applying the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) standard to a Rule 12(c) motion); *accord, Linder v. Berge*, 577 F.Supp. 279, 280 (D.R.I. 1983) ("Essentially, although made after the complaint has been answered, such a motion [for judgment on the pleadings] (when made by a defendant) is to be treated as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted."), *aff'd*, 739 F.2d 686 (1sr Cir. 1984).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at  570).  "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  "In conducting this review, [a court] disregard[s] statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Lemelson v. U.S. Bank Nat'l Ass'n*, 721 F.3d 18, 21 (1st Cir. 2013) (internal quotation marks and bracketing omitted).  "Dismissal for failure to state a claim is appropriate if

4

the complaint does not set forth factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* (internal quotation marks omitted).

"The plaintiff's factual allegations are ordinarily assumed to be true in passing on the adequacy of the complaint[,] . . . [b]ut 'ordinarily' does not mean 'always':  some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (citations omitted) (quoting *Twombly*, 550 U.S. at 557 n.5).  Even when a plaintiff makes what is "patently a *factual* claim," for the purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) it is still "inadequate absent more specific factual assertions" when it simply constitutes a "bare allegation" of fact.  *Id.* (emphasis added) (citing *Iqbal*, 556 U.S. at 680-81).  "Without trying to lay down a mechanical rule, it is enough to say that sometimes a threadbare factual allegation bears insignia of its speculative character and, absent greater concreteness, invites an early challenge [at the motion to dismiss stage] — which can be countered by a plaintiff's supplying of the missing detail."  *Id.* at 595-96.  "Specific information, even if not in the form of admissible evidence, would likely be enough at this stage; pure speculation is not." *Id.* at 596.  Simple "bald assertions" will not suffice.  *Id.* at 595 (internal quotation marks omitted).

In deciding a "motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, [the court] may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiff['s] claim; [and] documents sufficiently referred to in the complaint.' . . . This is true even when the documents are incorporated into the movant's pleadings." *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page*, 987

F.2d 1, 3 (1st Cir. 1993) (applying Rule 12 (b)(6)) (citing *Beddall v. State St. Bank & Trust Co.*,

137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly

linked to – and admittedly dependent upon – a document [offered by the movant] (the

authenticity of which is not challenged), that document effectively merges into the pleadings and

the trial court can review it. . . .")).  Particularly important in this matter, "'when a written

instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the

allegations.'"  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir.

2000) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th

Cir. 1998)).

## IV.   <u>SUMMARY OF ARGUMENT</u>

Defendant's motion for judgment on the pleadings should be granted because none of the

challenges that Plaintiffs bring to the Assignment of Mortgage state a plausible claim as a matter

of law.

As a threshold matter, the first cause of action of the Complaint seeks only a

"[d]eclaratory [j]udgment," even though that request alone does not "create a substantive cause

of action."  *See Langadinos v. Bd. of Trs. of Univ. of Mass.*, No. 12-11159, 2013 U.S. Dist.

LEXIS 140767, at *40 (D. Mass. Aug. 29, 2013) (citing *Akins v. Penobscot Nation*, 130 F.3d

482, 490 n.9 (1st Cir. 1997)).  Rather, the sought-after declaration is a remedy, not a cause of

action.

Plaintiffs' second and final cause of action, to quiet title, rests upon a  "form" allegation –

that Defendant "or the successful bidder at the foreclosure sale took a foreclosure deed" (Compl.

¶ 97) – that is entirely false, as the public record demonstrates that no foreclosure sale has

occurred.  Moreover, had a foreclosure sale occurred, such a claim would fail because Defendant

would hold a claim to title superior to Plaintiffs', insofar as Defendant clearly holds the Note and Mortgage, therefore has the right to foreclose on the mortgaged property.

Notwithstanding its lack of any cognizable cause of action, construing the Complaint liberally under Fed. R. Civ. P. 8(a), Plaintiffs essentially seek a determination that the Assignment of Mortgage was invalid, on the bases that (1) Sand Canyon (formerly known as Option One) lacked the ability to assign the Mortgage (Compl. ¶¶ 16, 22-25, 48-63, 74), (2) the signatory, Melissa Hively, lacked authority to sign the Assignment of Mortgage, (Compl. ¶¶ 15-21); (3) the note "is current or has been satisfied by a third party" (Compl. ¶ 67) (notwithstanding that "[t]he non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute") (Compl. ¶ 86), (4) the Mortgage and Note are "void" due to unspecified "fraud" (Compl. ¶¶ 80, 83), and (5) Option One was "not the true Lender in the underlying mortgage transaction" because "[t]he funds to fund the transaction came from a third party, not Option One ..." (Compl. ¶¶ 84-85.)[2]

Plaintiffs' challenges to the Assignment of Mortgage fail for numerous reasons.  First, Plaintiffs lack standing to challenge the Assignment of Mortgage because their allegations, if true, would (at most) render the Assignment of Mortgage *voidable*, not void.  Second, the terms of the Note and Mortgage gave Option One the right of assignment, the documentary evidence demonstrates the Note and Mortgage were, in fact, assigned, and Rhode Island law does not require that a mortgage accompany the note it secures.  Third, Plaintiffs have failed to alleged specific facts to support their allegations, and their assertions that the signatory to the

---

[2] The Complaint also includes a variety of patently false "form" allegations apparently carried over from Plaintiffs' counsel's other complaints, including that "the assignment was an illegal assignment in blank" that was "executed prior to the identification of the entity to which Option One was conveying the mortgage" (Compl. ¶ 24) (Ex. B demonstrates that it was not), and that "the Mortgage was never assigned to the Trust" (Compl. ¶ 30) (there is no "Trust" involved in the ownership of the subject Loan).

Assignment of Mortgage lacked authority to sign, that Loan has been satisfied, that Option One was not the "true lender," and other unspecified allegations of fraud therefore fail.

## V.   ARGUMENT

**A.    Plaintiffs' Challenges To The Assignment of Mortgage Fail Because Plaintiffs Lack Standing To Challenge Such Assignment.**

It is now well-settled law in this Court and in this Circuit that a mortgagor may only challenge an assignment of a note and mortgage if that mortgagor sets forth plausible allegations that the assignment is *void* as opposed to merely *voidable*.  *Clark*, 2014 U.S. Dist. LEXIS 42561; *Era*, 2014 U.S. Dist. LEXIS 42611; *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1 (1st Cir. 2014); *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013); *see also Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013).  "A mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title."  *Mruk*, 82 A.3d at 536 (quoting *Culhane*, 708 F.3d at 291).

According to the *Culhane* view of standing to challenge mortgage assignments that this Court has adopted,[3] and upon which *Mruk* is based, a borrower lacks standing to assert supposed lack of signing authority or consideration in the course of execution of assignments of the mortgage to which he is a mortgagor.  Such a challenge, if based in fact, could only make the assignments *voidable* at the option of a party to the assignment, not void.  A "borrower 'may not assert any ground which may render the assignment voidable . . . for example, [borrower] cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment.'"  *Kriegel v. Mortg. Elec. Registration Sys.*, No. PC 2010-7099, 2011 R.I. Super. LEXIS 134, at *5 (Oct. 13, 2011).

---

[3] *See Cosajay v. Mortg. Elec. Registration Sys., Inc.*, 980 F. Supp. 2d 238, 242-43 (D.R.I. 2013).

In general, an assignment is a contract, and individuals who are "not a party to a contractual agreement lack[] standing to challenge its validity." *DePetrillo v. Belo Holdings, Inc.*, 45 A.3d 485, 492 (R.I. 2012). Consistent with this principle, Rhode Island "[c]ourts have widely held that homeowners lack standing to challenge the propriety of mortgage assignments and the effect those assignments, if any, could have on the underlying obligation." *Payette v. Mortg. Elec. Registration Sys.*, No. PC 2009-5875, 2011 R.I. Super. LEXIS 117, at *22 (Aug. 22, 2011); *see also Seng v. Mortg. Elec. Registration Sys., Inc.*, No. PC 2011-2784, 2013 R.I. Super. LEXIS 59, at *9 (Apr. 3, 2013) ("Under prevailing law in this jurisdiction, a plaintiff/mortgagor . . . lacks standing to challenge the validity of the mortgage assignment."); *Van Hoecke v. First Franklin Fin. Corp.*, No. KC 2009-0743, 2013 R.I. Super. LEXIS 43, at *10 (Mar. 7, 2013) (accord); *Kriegel*, 2011 R.I. Super. LEXIS 134, at *18 ("Plaintiff, a stranger to the assignment of the mortgage from MERS to FNMA, lacks standing to challenge the propriety of the assignment and the effect it may have on the exercise of the Statutory Power of Sale."); *Rutter v. Mortg. Elec. Registration Sys.*, No. PC 2010-4756, 2012 R.I. Super. LEXIS 39, at *27 (Mar. 12, 2012), *aff'd* 86 A.3d 381 (2014) ("As an obligor who agreed by the express terms of the Mortgage to allow assignment, the Rutters have no standing to now contest it."); *Bank of N.Y. Mellon v. Cuevas*, No. PD 2010-0988, 2012 R.I. Super. LEXIS 61, at *16 (Apr. 18, 2012) ("[i]t is well established that [the mortgagor] does not have standing to challenge the validity of the assignment or transfer of the Mortgage interest, to which she was a stranger"); *accord Rosano v. MERS*, No. PC 2010-0310, 2012 R.I. Super. LEXIS 95, at *12 (June 19, 2012), *aff'd*, 91 A.3d 336 (R.I. 2014); *In re Perretta*, No. 10-13531, 2011 Bankr. LEXIS 4913, at *6 (Bankr. D.R.I. Dec. 16, 2011); *Brough v. Foley*, 525 A.2d 919, 922 (R.I. 1987) (the borrower had no standing to challenge the validity of the assignment); *DePetrillo*, 45 A.3d at 491-92; *Reeves v. ReconTrust*

9

*Co., N.A.*, 846 F. Supp. 2d 1149, 1164 (D. Or. 2012) ("lack of consideration may be a defense available to [the assignor], but is not a basis for plaintiffs, as third parties, to void the transfer"); *Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 228-29 (1st Cir. 2003) ("'as a general principle of contract law, courts will not inquire into the adequacy of consideration in an agreed-upon exchange ...'") (quoting trial court opinion); *Kiah v. Aurora Loan Servs., LLC*, Civ. No. 10-40161, 2010 U.S. Dist. LEXIS 121252, at *18 (D. Mass. Mar. 4, 2011) (it is "difficult to see why plaintiff has standing to assert" a claim that an "assignment of mortgage was without consideration and is therefore void" and "how in any event he has suffered a compensable injury if the consideration was not paid").

In this case, Plaintiffs are not parties to or third-party beneficiaries of the Assignment of Mortgage (Ex. A), have not articulated any prejudice as a result of the Assignment of Mortgage (and, in fact, their rights and duties under the loan documents remain the same), and the parties to the Assignment of Mortgage do not dispute its validity. Plaintiffs' allegations that the Assignment of Mortgage is void because it was not properly executed and because the assignor (the Loan's originator, Option One) did not hold both the Note and the Mortgage, even if true, only make the Assignment of Mortgage *voidable*. Pursuant to *Era, Clark, Mruk* and countless other authorities, Plaintiffs therefore lack standing to challenge the validity of the Assignment of Mortgage. *See, e.g., Era*, 2014 U.S. Dist. LEXIS 42611, at *7-9; *Clark*, 2014 U.S. Dist. LEXIS 42561, at *25-26.

**B.    Plaintiffs' Argument That The Assignment Of Mortgage Was Invalid Fails Because The Note And Mortgage Provided Option One A Right Of Assignment, And Because Rhode Island Law Does Not Require That A Mortgage Accompany The Note It Secures.**

Plaintiffs' argument that the Loan's originator, Sand Canyon (formerly known as Option One), could not assign the Mortgage because it did not own the subject note (Compl. ¶¶ 16, 22-25, 48-63, 74) fails because the Note and Mortgage clearly gave Option One the right of such assignment.  The Mortgage unambiguously provides:

> This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, <u>Borrower does hereby mortgage, grant and convey to Lender</u>, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property ...

(Ex. A, Page 1 (emphasis added).)  The Mortgage further provides:

> 12.    **Successors and Assigns Bound; Joint and Several Liability; Co-signers**.  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower . . .

and

> 19.    **Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. . . . The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

These provisions[4] placed Plaintiffs on notice of Option One's statutory power of sale enabling it to transfer the Note to anyone and causing that new holder to become the "Lender" and "Note Holder."  See, *Era*, 2014 U.S. Dist. LEXIS 42611, at *12 (quoting nearly identical language.); *Mruk*, 82 A.3d at 537-38 (rejecting plaintiff's legal argument that "only the lender

---

[4] The Note includes corresponding language, stating that "I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  (Ex. C at 1.)

had the power to exercise the power of sale" because "[t]he mortgage explicitly granted the statutory power of sale to [the original mortgagee] and to the successors and assigns" (emphasis added) (quotation marks omitted).  The Assignment of Mortgage and allonge to the Note clearly demonstrate the fact of such assignment.  (Exs. A, C.)

To the extent Plaintiffs argue that Option One could not assign the Mortgage because it did not simultaneously transfer the Note, such argument also fails because, under Rhode Island law, a mortgage may be held separately from the note that it secures.  *Era*, 2014 U.S. Dist. LEXIS 42611, at *12; *Clark*, 2014 U.S. Dist. LEXIS 42561, at *23-24 (each relying on *Bucci v. Lehman Bros Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk*, 82 A.3d 527, and also citing *Culhane,* 708 F.3d 282).  Therefore, Plaintiffs' argument fails as a matter of law.  *Mruk*, 82 A.3d at 537; *see also Bucci*, 68 A.3d at 1087 ("under our reading of these statutes, any of the obligations placed upon a 'mortgagee' may be fulfilled by either the mortgage holder or the owner of the note, provided that an agency relationship exists between the two."); *Bucci,* 82 A.3d at 1088 ("'[t]he law contemplates distinctions between the legal interest in a mortgage and the beneficial interest in the underlying debt.  These are distinct interests, and they may be held by different parties.'") (quoting *Culhane*, 708 F.3d at 292); *see also Casimiro v. Mortg. Elec. Registration Sys.*, No. PC 2011-1833, 2012 R.I. Super. LEXIS 181, at *14 (Dec. 4, 2012) ("[Section] 34-11-24 . . . provides that an assignment of the mortgage carries with it 'the note and debt thereby secured.'  Accordingly, when drafting § 34-11-24 the legislature did not intend to render a nullity an assignment of a mortgage interest without simultaneous assignment of the Note.") (citation omitted).

Accordingly, Plaintiffs' arguments that original lender of the Loan, Sand Canyon (formerly known as Option One), lacked the ability to assign the Mortgage to Defendant fails.

    **C.**    **Plaintiffs Have Failed To Allege Sufficient Facts To Establish That The Assignment of Mortgage Is Invalid And That The Note Was Not Transferred To Defendant.**

          **1.**    **Plaintiffs' Speculation As To The Authority Of The Signatory To The Assignment of Mortgage Is Insufficient To Withstand A Motion For Judgment On The Pleadings.**

Plaintiffs offer no facts to support their speculative assertion that the signatories to

Assignment of Mortgage were not authorized to execute such document.  (Compl. ¶¶ 15-21.)  A

court will not credit this type of pure speculation when adjudicating a motion for judgment on

the pleadings.  *See Peñalbert-Rosa*, 631 F.3d at 595.  Even if these allegations are understood to

be factual rather than legal in nature, a claim dependent upon "a threadbare factual allegation

[that] bears insignia of its speculative character" is "inadequate absent more specific factual

assertions" that support the assertion.  *Id.*

This Court rejected a similar allegation in *Clark*.  *Clark*, 2014 U.S. Dist. LEXIS 42561,

at *20-21.  Furthermore, the Court held that whether the executing party was acting within the

scope of his authority would only make the assignment *voidable* at the option of one of the

parties to the assignment, not void as a matter of law.  *Id.*  In addition, the Court rejected as "an

inappropriate legal basis for [the plaintiff's claims]" an allegation (as found in Paragraph 21 of

the Complaint) that a power of attorney must be recorded to grant the person executing the

assignment authority to do so.  *Id.*[5]

---

[5]  This comports with the state of the law in Rhode Island.  The conclusions in *Van Hoecke,* 2013 R.I. Super. LEXIS 43, and *Vieira v. G.E. Money Bank*, No. PC 2009-4334, 2013 R.I. Super. LEXIS 75 (Apr. 18, 2013), *appeal dismissed*, No. 2014-42-A (R.I. Sept. 25, 2014), were based, in part, on the recognition that where an assignment of mortgage bears a notarized signature, the assignment is presumptively valid under Rhode Island law. "An individual who swears before a notary to have the authority to act on behalf of a corporate grantor or assignor is sufficient for title purposes to presumptively establish that relationship." *Vieira*, 2013 R.I. Super. LEXIS 75, at *11 n.5, (citing *Butler v. Encyclopedia Britannica, Inc.*, 41 F.3d 285, 294-95 (7th Cir.1994)); Monique C.M. Leahy, *Acknowledgment of Real Property Instruments and Other Acknowledgments*, 91 Am. Jur. Proof of Facts 3d 345 § 8 (2014); Rhode Island Title Standard No. 5.3.  Agreeing with the decision of the U.S. Court of Appeals for the Seventh Circuit in *Butler*, 41 F.3d at 294-95, the *Van Hoecke* Court observed:

    [i]f a notary's certificate were vulnerable to attack every time an interested witness contradicted the certificate and the notary did not have a personal recollection of the event, "it would shock the

As this Court and the First Circuit have found, unvarnished speculation of this kind as to the authority of signatories to mortgage assignments will not withstand a motion to dismiss.  This Court stated in the September 3 Order, 2013 U.S. Dist. LEXIS 125474, at *14, that there are no "restrictions on who may be elected as an officer of the assignor nor . . . special requirements (say, regular employment) on who may serve as a vice president of an assignor corporation." (quoting *Culhane*, 708 F.3d at 294).  Indeed, this Court expressly distinguished between "the practice of assigning titles for the purpose of executing documents," versus "substantive robo-signing allegations *where actionable fraud is specifically alleged*." *Id.* n.6 (emphasis added).

### 2.   Plaintiffs' Allegation That The Note Is Current Or Has Been Satisfied Is Baseless And Unsupported.

At Paragraph 67 of the Complaint, Plaintiffs assert that the Note "is current or has been satisfied by a third party" – yet also assert in Paragraph 86 that "[t]he non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute."  This Court addressed, and summarily rejected, the same such baseless allegation of payment or satisfaction in *Era* and *Clark*.  In *Era*, the Court found that "[t]he fact that this allegation is in the alternative . . . underscores the vagueness of this allegation."  *Era,* 2014 U.S. Dist. LEXIS 42611, at *16.  The Court even characterized the allegation as "unbelievable" and as a "bald assertion if ever there was one."  *Id.*  Then taking judicial notice of the fact that the plaintiff in

---

moral sense of the community, deny justice, and create chaos in land titles and every other type of document requiring notarization."
2013 R.I. Super. LEXIS 43, at *11 n.4 (quoting *Butler*, 41 F.3d at 294-95).  A false swearing to a notary carries criminal penalties under Rhode Island law, but does not otherwise affect the presumptive validity of an assignment. *Vieira,* 2013 R.I. Super. LEXIS 75, at *11 n.5; *see also* R.I. Gen. Laws § 11-33-4.

R.I. Gen. Laws § 34-11-1 requires only that conveyances of land be duly signed, acknowledged, delivered and recorded.  It does not establish a requirement that the signer's actual authority must be proven.  In *Van Hoecke*, the court expressly found that because the signatory of the mortgage assignment in that case had represented to a notary public that she was authorized to execute the assignment on behalf of MERS, the assignment was "duly executed and recorded in accordance with § 34-11-1."  *Van Hoecke*, 2013 R.I. Super. LEXIS 43, at *12.  The court therefore found that the assignment was presumptively valid.  *Id.*  The court explained that a title examiner must assume the validity of each signature signed before a notary, as well as the stated authority of such person to act on behalf of the assignor. *Id.* at *11 n 4.  The court noted that to hold otherwise would seriously undermine the reliability of the state's land evidence records. *Id.*

that case, like Plaintiffs here, agreed to participate in the Foreclosure Docket, the Court noted that there was no information to demonstrate the plaintiff was not in default. *Id.* As a consequence, the plaintiff in *Era* failed to meet the low threshold of plausibility on a motion to dismiss. *Id.* Confronted with the same allegations (Compl. ¶ 67) and facts in this matter, the Court should similarly discount Plaintiffs' alternative assertion that the Loan has been paid.

In addition, Rhode Island's tender rule also requires that the Court dismiss the Complaint. Because interference with a statutorily mandated foreclosure proceeding is equitable in nature, the tender rule provides that a borrower may not seek to challenge foreclosure proceedings if he has "made no tender or offer of payment" of amounts due under the loan. *Hanley v. Brayton*, 17 A.2d 857, 860 (R.I. 1941). Here, Plaintiffs seek to challenge foreclosure proceedings, but they do not offer to pay any amounts due, or assert that they are able to make the required payments. Because Plaintiffs have not tendered the disputed amounts at issue, they cannot challenge the alleged foreclosure proceedings.

### 3.   Plaintiffs' Vague Allegations Of Fraud Are Not Pleaded With Sufficient Particularity.

Plaintiffs' vague allegations that Mortgage and Note are "void" due to unspecified "fraud" (Compl. ¶¶ 80, 83) (including that Option One (the original Lender) was "not the true Lender" or that the Loan funds "came from a third party" (Compl. ¶¶ 84-85)) are completely speculative and devoid of any factual support. In *Era* and *Clark*, the Court rejected substantive identical assertions of fraud for lack of particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *Era,* 2014 U.S. Dist. LEXIS 42611, at *18-19; *Clark,* 2014 U.S. Dist. LEXIS 42561, at *30. Furthermore, as the Court held in *Dilibero v. Mortg. Elec. Registration Sys., Inc.*:

> [t]his Court does not accept the legal conclusion that plaintiff was defrauded by alleged defects in the instrument of assignment . . . [because n]ot only does

15

> Plaintiff fail to allege fraud with sufficient particularity as required by Rule 9 of the . . . Rules of Civil Procedure, but Plaintiff also fails to allege the essential elements of fraud — that an intentional misrepresentation was made by any of the defendants, which misrepresentation she relied on, causing her damage.

No. PC 2011-4645, 2012 R.I. Super. LEXIS 153, at *15 (Oct. 1, 2012). In *Juarez v. Select Portfolio Servicing, Inc.*, the First Circuit likewise affirmed dismissal of a claim of fraud by a borrower because "establishing that something <u>possibly</u> happened is far distant from the threshold particularity requirements that must be pled under Fed. R. Civ. P. 9(b)." 708 F.3d 269, 280 (1st Cir. 2013) (emphasis in original). Not only must a viable claim for fraud plead such factors as scienter, materiality, reliance and harm, but it must also "include specifics about 'the time, place, and content of the alleged false representations.'" *Id*. at 279-80 (quoting *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 731 (1st Cir. 2007)). Without any "allegations regarding [a borrower's] reliance on defendants' allegedly false statements" or "when and what was said . . . in the alleged misrepresentations," a "complaint [that is] devoid of those specifics" does not state a claim for fraud. *Id*. at 280.

The First Circuit in its decision in *Woods v. Wells Fargo Bank, N.A.* has reaffirmed that "mere allegations of fraud . . . are too conclusional to satisfy the particularity requirement" in an attempt to challenge mortgage assignments. 733 F.3d 349, 358 (1st Cir. 2013) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)). Here, as in *Woods*, "[t]his vague pleading falls short of Rule 9(b)'s particularity requirement." *Id*. When a complaint cannot even provide specific averments of fraud beyond conclusory allegations, let alone "<u>also</u> set[] forth specific facts that make it reasonable to believe that [a] defendant knew that a statement was materially false or misleading," it must be dismissed. *Id*. (emphasis in original) (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009)).

16

Furthermore, allegations relating to the source of the Loan's funds are entirely irrelevant to Defendant's entitlement to enforce the Mortgage.  Plaintiffs cannot deny that they received the Loan funds, and that they executed a promissory note in favor of Option One.  (Ex. C.)

### D.    Plaintiffs' First Cause Of Action For Declaratory Relief Fails Because Declaratory Relief Is A Remedy, Not A Cause Of Action.

Plaintiffs' first cause of action should also be dismissed for the sole reason that declaratory judgment is a remedy, not a substantive cause of action.[6]  *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007) (even if "plaintiffs style 'declaratory judgment' as a cause of action[, a declaratory judgment is] a remedy, not a cause of action."); *Sullivan v. Chafee*, 703 A.2d 748, 751 (R.I. 1997) ("It is well established in this state that a necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy."); *Berberian v. Travisono*, 332 A.2d 121, 124 (R.I. 1975) (Rhode Island General Laws "Section 9-30-1 is not intended to serve as a forum for the determination of abstract questions or the rendering of advisory opinions.").

A request for declaratory relief must be rooted in an independent claim.  *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (the statute does not "provide an independent cause of action.  Its operation is procedural only — to provide a form of relief previously unavailable.  Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.") (citation omitted) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)); *Sullivan*, 703 A.2d at 751.  Plaintiffs' first cause of action conclusively asserts that an alleged foreclosure sale (which the public record demonstrates has never taken place) failed to vest title in Defendant and that Plaintiffs own the

---

[6]  The Complaint fails to state whether the Declaratory Judgment action is brought under federal law, 28 U.S.C. § 2201, or state law, R.I. Gen. Laws § 9-30-1.  In either case, the result is the same.

subject property.  (Compl. ¶¶ 91-92.)  These allegations do not assert an independent, substantive

claim and fail to state either a statutory or common law cause of action.

 In addition, declaratory relief is derivative and is not available if the plaintiff lacks a valid

claim against the defendant.  *Gun Owners' Action League, Inc. v. Swift*, 284 F.3d 198, 205–06

(1st Cir. 2002) (quoting *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498 (1972)); *Meyer v.*

*City of Newport*, 844 A.2d 148, 151 (R.I. 2004).  As shown above, Plaintiffs lack any valid such

claim, and the Court should therefore dismiss Plaintiffs' first cause of action.

 **E.    Plaintiffs' Second Cause Of Action To Quiet Title Fails Because It Is Based Upon A False Allegation, And Because Defendant Owns The Note And Mortgage.**

 Plaintiffs' second and final cause of action, to quiet title, rests upon a "form" allegation –

that Defendant "or the successful bidder at the foreclosure sale took a foreclosure deed" (Compl.

¶ 97).  This assertion is entirely false, as the public record demonstrates that no foreclosure sale

has occurred.  Moreover, had a foreclosure saleoccurred, such a claim would fail because

Defendant would hold a claim to title superior to Plaintiffs', insofar as Defendant demonstrably

holds the Note and Mortgage and has the right to foreclose on the mortgaged property.  There is

thus no ground on which to quiet title in favor of the Plaintiffs.  *See Ingram v. Mortgage Elec.*

*Registration Sys.*, No. PC 2010-1940, 2012 R.I. Super. LEXIS 77 (May 17, 2012) (plaintiff had

no claim to quiet title in case where assignee via MERS held record title), *aff'd*, 94 A.3d 523

(R.I. 2014); *Noury v. Deutsch Bank Nat'l Trust Co.*, No. PC 2009-7014, 2012 R.I. Super. LEXIS

74 (May 7, 2012) (same); see also *Estrella v. Mortgage Elec. Registration Sys.*, No. PC 2010-

6940, 2012 R.I. Super. LEXIS 108 (Jul. 10, 2012) (no claim to quiet title absent demonstration

by plaintiff of legal right to rescission of foreclosure sale); *Rosano v. MERS*, No. PC 2010-0310,

2012 R.I. Super. LEXIS 95 (June 19, 2012) (same).

## VI.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendant requests that its Motion be granted, that Plaintiffs' Complaint be dismissed with prejudice, and that this Court grant such other and further relief as is proper and just.

Respectfully submitted,

DEFENDANT H&R BLOCK BANK, FSB

By its attorneys,

<u>/s/ Joseph K. Scully</u>
Joseph K. Scully (#6217)
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
T: (860) 275-0100
F: (860) 881-2478
E-mail:  jkscully@daypitney.com

## <u>CERTIFICATION</u>

I hereby certify that on October 13, 2014 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's system.



     /s/ Joseph K. Scully
Joseph K. Scully (#6217)