# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| OLUFOLAHAN OLUGBEMI and OLABISI OLUGBEMI <br><br> Plaintiffs, <br><br> v. <br><br> H & R BLOCK BANK, FSB, <br><br> Defendant. | C. A. No. 13-459-M-LDA |

## ORDER

The Court has reviewed the Complaint (ECF No. 1) and Defendant's Motion for Judgment on the Pleadings. (ECF No. 14). The Complaint in this case is very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, —— F. Supp. 2d ——, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11–455–M, —— F. Supp. 2d ——, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). *Clark* and *Era* were exemplar cases, chosen by the parties to establish precedent on legal issues common to a majority of the mortgage foreclosure cases.

The specific and relevant facts of this case as alleged in the Complaint are as follows: on September 29, 2006, the Plaintiffs executed a note for $315,000.00 and a mortgage as security to Option One Mortgage Corporation as Lender and mortgagee. On March 30, 2011, Sand Canyon, f/k/a Option One, assigned the mortgage to H & R Block. Plaintiffs allege, among other things, that the assignment was void because there was no recorded power of attorney; Sand Canyon did not have the note and mortgage so the assignment was void; H & R Block did not have the note and mortgage so the foreclosure was illegal; only the lender could invoke the statutory power of

sale; only the lender could publish notice of sale as required in mortgage ¶ 22; and the note is current or has been satisfied. Plaintiffs did not oppose Defendant's motion and did not appear at the hearing to press any legal or factual arguments.

The Court finds that, based on the First Circuit Court of Appeals decisions in *Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014) and *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013), the Rhode Island Supreme Court's decisions in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527 (R.I. 2013), and this Court's decisions in *Clark* and *Era*, the Plaintiffs lack standing to pursue their claims because the allegations are merely that the assignment is voidable as opposed to void. Moreover, Plaintiffs' argument that H & R Block did not hold the note so could not foreclose has been rejected by the Rhode Island Supreme Court when it held that "the note and the mortgage [does] not need to be held by one entity" in order to exercise the statutory power of sale. *Mruk*, 82 A.3d at 537 (citing *Bucci*, 68 A.3d at 1084-85).

Plaintiffs' other challenges arising out of the mortgage and their default have no legal basis. Therefore, Defendants' Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. The case is dismissed.

IT IS SO ORDERED.

/s/ John McConnell
_____
John J. McConnell, Jr.
United States District Judge

December 4, 2014